THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DAVID ROZZELL, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered December 16, 1963, convicting him of robbery in the third degree, on a plea of guilty, and imposing sentence upon him as a second felony offender. Judgment affirmed. No opinion. Beldock, P. J., Ughetta, Brennan and Hill, JJ., concur; Hopkins, J., concurs in the result, with the following memorandum: I am of the opinion that the discretion of the court was not abused in denying defendant's motion to withdraw his plea of guilty. It appears that he pleaded guilty with full recognition of its import, after conferring with counsel and after making statements in open court which indicated his complicity in the crime to which he pleaded. Nevertheless, I must add that I do not believe that, once a hearing is directed by the court on a defendant's application to withdraw a plea, all constitutional safeguards cease. A defendant is entitled to the continued and complete representation of counsel at all stages of the criminal prosecution (N. Y. Const., art. I, § 6; Code Crim. Pro., § 8). Here the court called defendant's counsel as a witness during the hearing on the application to withdraw the plea and interrogated him concerning conversations between him and defendant prior to the taking of the plea of guilty. Defendant under these circumstances was virtually without counsel and at a disadvantage either to claim the attorney-client privilege or to rebut the testimony. Though this procedure in my opinion was improper and counsel was under a duty to provide fair representation to defendant even if defendant was pursuing a course contrary to counsel's advice, I am not persuaded that justice requires that defendant's application be granted. I therefore concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH TRAMONTANA and LAWRENCE CALLAHAN, Appellants.— Appeal by each defendant from a respective judgment of the Supreme Court, Queens County, rendered July 26, 1965, convicting him of unlawful entry, upon his plea of guilty, and sentencing him to a term of 18 months in the New York City Penitentiary "according to the rules and regulations of that institution." Judgments reversed, on the law, and defendants remanded to the trial court for the purpose of resentence. No questions of fact have been considered. In our opinion, the sentence imposed was unlawful (Correction Law, § 203, subd. [b]). Defendants could not lawfully be sentenced to a fixed term of more than one year (Penal Law, § 1937). Beldock, P. J., Ughetta, Christ, Hill and Benjamin, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, ex rel. SEBASTIANO DE FILIPPO, Appellant, v. EDWARD M. FAY, as Warden of Green Haven Prison, Respondent.— In a habeas corpus proceeding, relator appeals from a judgment of the Supreme Court, Dutchess County, entered June 18, 1963, which dismissed the writ and remanded him to respondent's custody. Judgment affirmed, without costs. (*People* v. *Porter*, 14 N Y 2d 785.) Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur.